**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | CASE NO.: 7:23-CR-62 (LAG) |
| | : | |
| KULWANT S. BAL, | : | |
| | : | |
| Defendant. | : | |
| | : | |

# ORDER

Before the Court is Defendant Kulwant S. Bal's Motion to Dismiss for Improper Venue (Doc. 25). Therein, Defendant seeks to dismiss the indictment for lack of venue or for the Court to schedule an evidentiary hearing to discuss the Motion. (*Id.* at 2, 10).

On July 12, 2023, Defendant Kulwant S. Bal was charged with one count of false statements and fraud to obtain federal employees' compensation in violation of 18 U.S.C. § 1920, and one count of theft of government property in violation of 18 U.S.C. § 641. (Doc. 1). On February 12, 2024, Defendant filed the present Motion to Dismiss for Improper Venue requesting that the Court hold an evidentiary hearing, "where the [G]overnment will be required to produce evidence establishing proper venue." (Doc. 25 at 2). Defendant argues that venue is improper in the Middle District of Georgia "[b]ecause [Defendant] completed the forms in Virginia and mailed them to Kentucky[.]" (*Id.* at 1–2). The Government filed a Response on February 22, 2024, arguing that (1) "Defendant's [M]otion is premature"; (2) "[t]he allegations in the indictment sufficiently allege that venue is proper in this Court"; and (3) "this Court cannot make factual determinations as to venue at this stage." (Doc. 26 at 6). Defendant did not file a Reply. (*See* Docket).

"A criminal defendant has a constitutional right to be tried in the federal district where the crime was committed." *United States v. Jones*, 786 F. App'x 907, 909 (11th Cir. 2019) (per curiam) (citing *United States v. Muench*, 153 F.3d 1298, 1300 (11th Cir. 1998)). "[V]enue is an essential element of the government's proof at trial." *Id.* (quoting *United*

*States v. Snipes*, 611 F.3d 855, 865 (11th Cir. 2010) (alteration in original)). As such, "an indictment is not subject to a pretrial motion to dismiss on the ground of insufficient venue." *United States v. Ruiz-Murillo*, 736 F. App'x 812, 818 (11th Cir. 2018) (per curiam) (citing *Snipes*, 611 F.3d at 866)). When "a grand jury returns a facially valid indictment containing a proper statement of venue, pretrial determination of venue on the merits is improper because the issue is reserved for a jury's determination." *Id.* (citing *Snipes*, 611 F.3d at 866–67). In fact, "[t]o permit preliminary trials on essential facts, post-indictment, would run counter to the whole history of the grand jury institution, . . . [and] would result in interminable delay but add nothing to the assurance of a fair trial." *Id.* (quoting *Snipes*, 611 F.3d at 866–67 (second alteration in original) (internal quotation marks omitted)). Accordingly, "[w]hen an indictment is valid on its face, 'a court may not dismiss the indictment . . . on a determination of facts that should have been developed at trial.'" *Jones*, 786 F. App'x at 909 (quoting *Snipes*, 611 F.3d at 866).

"[A]n indictment alleges proper venue if it alleges facts which, if proven, would sustain venue in the district alleged." *United States v. Bendelladj*, No. 1:11-CR-557-AT, 2015 WL 3650219, at *2 (N.D. Ga. June 10, 2015) (quoting *United States v. Delgado-Nunez*, 295 F.3d 494, 499 n.12 (5th Cir. 2002)) (internal quotation marks and other citations omitted); *see also Snipes*, 611 F.3d at 866 (finding that "the grand jury returned a facially sufficient indictment, with a clear statement of venue" when the indictment identified the defendant's residence and the location of the alleged crime); *United States v. Ramirez-Bravo*, No. 1:16-CR-340-ODE-JKL, 2019 WL 7559786, at *4 (N.D. Ga. Aug. 2, 2019), *R&R adopted by* 2019 WL 6210888 (N.D. Ga. Nov. 21, 2019) (collecting cases). Considering this question, a Court in this district held that the allegation set forth in the indictment that the defendants, "in the Macon Division of the Middle District of Georgia, and elsewhere within the jurisdiction of this Court, . . ." committed the alleged crime was sufficient to find that the alleged crime "occurred in the Middle District of Georgia." *United States v. Maxwell*, No. 5:15-CR-35-2 (MTT), 2016 WL 10651090 (M.D. Ga. Aug. 26, 2016). "Whether venue was proper is a question of fact that must be left to the jury to decide." *Jones*, 786 F. App'x at 909.

Here, with regard to venue, the indictment states "[t]hat beginning on or about June 24, 2005, and continuing through at least on or about April 26, 2021, in the Valdosta Division of the Middle District of Georgia and elsewhere within the jurisdiction of this Court, defendant" committed acts in violation of the statutes set forth in both counts. (Doc. 1 at 1–2). As the grand jury returned a "facially valid indictment containing a proper statement of venue, pretrial determination of venue on the merits is improper because the issue is reserved for a jury's determination." *Ruiz-Murillo*, 736 F. App'x at 819 (citing *Snipes*, 611 F. 3d at 866–67); *see also Jones*, 786 F. App'x at 909; *Snipes*, 611 F.3d at 866. Because a determination about venue will require a factual determination about whether Defendant committed acts in violation of 18 U.S.C. § 1920 and 18 U.S.C. § 641 in the Middle District of Georgia, the question of venue is a "question of fact that must be left to the jury to decide." *Jones*, 786 F. App'x at 909. Accordingly, Defendant's Motion to Dismiss for Improper Venue (Doc. 25) is **DENIED**. The Evidentiary Hearing currently scheduled for June 6, 2024, at 10:00 AM is hereby **CANCELLED**.

**SO ORDERED**, this 29th day of May, 2024.

/s/ Leslie A. Gardner
**LESLIE A. GARDNER, JUDGE**
**UNITED STATES DISTRICT COURT**