# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| v. | : CASE NO.: 7:23-CR-62 (LAG) |
| KULWANT S. BAL, | : |
| Defendant. | : |

## ORDER

Before the Court is Defendant Kulwant S. Bal's Unopposed Motion to Continue Trial in the Interest of Justice (Motion). (Doc. 60). Therein, Defendant moves to continue the pretrial conference and trial in this matter, currently scheduled for February 7, 2025 and March 10, 2025, respectively. (*Id.* at 2; Doc. 59).

On July 12, 2023, Defendant Kulwant S. Bal was charged with one count of false statements and fraud to obtain federal employees' compensation in violation of 18 U.S.C. § 1920 and one count of theft of government property in violation of 18 U.S.C. § 641. (Doc. 1 at 1–2). Defendant made his initial appearance on September 14, 2023, pled not guilty, and was "released on previously set conditions of release" by the Eastern District of Virginia with modifications. (Docs. 10, 12, 13). This matter has been continued four times since Defendant's initial appearance. (Docs. 19, 21, 28, 43). Defendant filed the subject Motion on January 27, 2025. (Doc. 60). Therein, Defendant represents that Defendant's Counsel and "the [G]overnment are diligently trying to resolve this case through pretrial diversion." (Doc. 60 at 2). Defendant further represents that the Government does not oppose the continuance. (*Id.* at 2).

Defendant has not identified, nor is the Court aware of, a provision of 18 U.S.C. § 3161 that would support a continuance based on the anticipation of entering into pre-trial diversion. (*See id.*). Furthermore, as the Supreme Court explained in *Zedner v. United States*, one of the primary intents of the Speedy Trial Act is to "serve the public interest"

and "protect and promote speedy trial interests that go beyond the rights of the defendant[.]" 547 U.S. 489, 501 (2006). While § 3161(h)(2) of the Speedy Trial Act allows for the exclusion of a period of delay where there is a court-approved written order allowing pre-trial diversion, anticipation that the Defendant may resolve this case through pre-trial diversion generally is not a basis to overcome the public's interest in a speedy trial. *See id.* Further, the Supreme Court explained that the purpose of ends-of-justice continuances was "to give district judges a measure of flexibility in accommodating unusual, complex, and difficult cases." 547 U.S. at 508. The record does not reflect, nor has Defendant indicated, that this case is so unusual or complex that a continuance is necessary to avoid a miscarriage of justice. 18 U.S.C. § 3161(h)(7)(B). Finally, the lack of Government opposition is not sufficient to outweigh the public's interest in a speedy trial. *United States v. Ammar*, 842 F.3d 1203, 1206–07 (11th Cir. 2016) ("A finding that a continuance is justified solely because the parties agreed to it is not a proper ends-of-justice finding."). Accordingly, as it is not evident that "the ends of justice served by the granting of such a continuance outweigh the best interests of the public and the [D]efendant in a speedy trial[,]" Defendant's Motion (Doc. 60) is **DENIED**. 18 U.S.C. § 3161(h)(7)(A).

      **SO ORDERED**, this 28th day of January, 2025.

      /s/ Leslie A. Gardner
      **LESLIE A. GARDNER, CHIEF JUDGE**
      **UNITED STATES DISTRICT COURT**