# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| v. | : CASE NO.: 7:23-CR-62 (LAG) |
| KULWANT S. BAL, | : |
| Defendant. | : |

## ORDER

Before the Court is Defendant Kulwant S. Bal's Joint Motion to Continue Trial in the Interest of Justice (Motion). (Doc. 62). Therein, Defendant moves to continue the pretrial conference and trial in this matter, currently scheduled for February 7, 2025 and March 10, 2025, respectively. (*Id.* at 2; Doc. 59).

On July 12, 2023, Defendant Kulwant S. Bal was charged with one count of false statements and fraud to obtain federal employees' compensation in violation of 18 U.S.C. § 1920 and one count of theft of government property in violation of 18 U.S.C. § 641. (Doc. 1 at 1–2). Defendant made his initial appearance on September 14, 2023, pled not guilty, and was "released on previously set conditions of release" by the Eastern District of Virginia with modifications. (Docs. 10, 12, 13). This matter has been continued four times since Defendant's initial appearance. (Docs. 19, 21, 28, 43). Defendant filed the subject Motion on February 5, 2025. (Doc. 62). Therein, Defendant represents that Defendant's Counsel and the Government "have reached agreement on all aspects of a written Pretrial Diversion Agreement and have submitted all the paperwork necessary for pretrial diversion to the probation office[.]" (*Id.* at 2). Defendant further represents that delay would be appropriate under 18 U.S.C. § 3161(h)(7)(A) because the case is "unusually complex" and "spans decades of financial and medical information." (*Id.*).

As the Court previously explained, a representation that the parties are engaged in plea negotiations or negotiations regarding pre-trial diversion generally does not satisfy the

conditions for a continuance under the Speedy Trial Act. (Doc. 61 at 1–2). In light, however, of Defendant's representation that this is an "unusually complex case that spans decades of financial and medical information[,]" the Court finds that the ends of justice served by the granting of a continuance in this matter outweighs the best interest of the public and the defendant in a speedy trial. (Doc. 62 at 2); *See* 18 U.S.C. § 3161(h)(7)(A). Accordingly, Defendant's Motion (Doc. 62) is **GRANTED**, and the delay occasioned by this continuance shall be deemed **EXCLUDABLE** pursuant to the provisions of the Speedy Trial Act, 18 U.S.C. § 3161.

It is hereby **ORDERED** that the pretrial conference and trial in the above-captioned matter shall be **CONTINUED** to a date to be determined later. The deadlines in the Court's December 2, 2024, Scheduling Order (Doc. 59) are hereby terminated, and a new scheduling order will be forthcoming.

**SO ORDERED**, this 6th day of February, 2025.

/s/ Leslie A. Gardner
**LESLIE A. GARDNER, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**